GEORGE W. WOODWORTH *v.* D. T. McGOVERN; L. F. TER-RILL, TRUSTEE; AND WHITCOMB & DAY, CLAIMANTS.

*Arbitration.   Assignment to Arbitrator of Sum to be Awarded. Contract.*

In an action begun by trustee process in which W. and his partner appeared as claim-ants, it appeared that defendant and trustee agreed to submit a matter wherein defendant made claim against trustee to arbitration. The arbitrators met, with the parties, and while they were deliberating, but before they had agreed, W., one of the arbitrators, drew an assignment from defendant to himself and his partner of whatever might be awarded whereby they were to pay certain costs for de-fendant with a part thereof, and apply the remainder to payment of a debt that they claimed the defendant then owed them. The arbitrators were unable to agree, and R., one of them, went home, after proposing a certain sum and prom-ising to sign an award therefor, if notified that night. The trustee also went home. W. and the other arbitrator, after consulting defendant, and finding that he would be satisfied with the sum named, agreed upon that sum, and signed the award; and defendant then signed the assignment. W. thereupon went to R's and told him that on consulting defendant they had "come to his terms." R. replied that, as they had consulted defendant, he would consult trustee. W. and R. ac-cordingly went to trustee's and told him what had been agreed on, and, as he was satisfied with the sum awarded, R. signed the award. W. then notified the trustee of the assignment. Afterwards process was served herein. Neither trustee nor claimants questioned the validity of the award. *Held,* that the award was ren-dered invalid by the taking of the assignment, even although the trustee assented thereto; that the assignment fell with the award; and that there was no agree-ment between trustee and defendant upon the *sum to be paid and received in set-tlement of the controversy.*

TRUSTEE PROCESS. A commissioner was appointed who re-ported the following facts:

In April, 1876, the defendant brought an action against the trustee for false imprisonment. The action was entered in court and continued from term to term until September, 1877, when the

parties submitted the matter to the determination and award of E. S. Whitcomb, Jr., one of the firm of Whitcomb & Day, claimants herein, and of G. W. Roberts and J. R. Talcott, and that case was stricken from the docket. The arbitrators met at Underhill, on Friday, September 28, 1877, and, not completing the hearing on that day, adjourned until the next, to meet at Essex Junction. They met, with parties, witnesses, &c., pursuant to adjournment, but were unable to agree upon an award. At about 5 o'clock in the afternoon, the arbitrators being still " wide apart," Roberts and the trustee took the train for Underhill, where they lived, leaving the other arbitrators and the defendant behind. But before they left, Roberts proposed to the other arbitrators to award the defendant $150, and promised that if the others could agree to that, and would notify him that night, he would sign an award of that sum. In about an hour after Roberts left, the other arbitrators having learned by consulting the defendant that such an award would be satisfactory to him, agreed to award that sum, and so informed the defendant, but without the knowledge or consent of Roberts or the trustee. Talcott and Whitcomb then signed the award. But before then, and before Roberts went away, and before any agreement had been reached, Whitcomb had written an assignment to the claimants of whatever might be awarded, to pay costs in said suit, lawyer's fees, &c., and " to pay the balance, if any, to liquidate any debt " that the claimants might have against him. That assignment the defendant signed after being informed of what had been agreed upon as an award. Whitcomb then went home to Underhill, and on arriving went at once to see Roberts, and told him that on consulting the defendant they had come to his terms. Roberts replied that as they had consulted the defendant he would consult the trustee. They accordingly went to see the trustee and told him what had been agreed on, and, he being satisfied with the sum awarded, Roberts signed the award. Whitcomb then notified the trustee of the assignment, telling him that the defendant was owing debts around, and was owing him and his partner $100 or more, and was afraid the award would be trusteed, and had assigned it to pay the costs. The award was signed by Roberts, as aforesaid, at between 11 and

12 o'clock in the evening. On Monday morning process was served on the trustee in this cause.

Neither the trustee nor the claimants made any question before the commissioner as to the validity of the award; and the commissioner found that if the award was valid the trustee was indebted to the defendant at the time of the service of process to the amount of the award, and that he was chargeable with that amount, either to the plaintiff or to the claimants, accordingly as the assignment and notice thereof were or were not good; and the commissioner decided that " as matter of law" the claimants were entitled to the funds.

The report was excepted to by the plaintiff, because, among other things, the commissioner did not decide that the award was invalid, and that the assignment was void as being against the policy of the law, and as being an assignment of the award to the arbitrator made before the award was signed and published.

The cause was heard on the report and exceptions at the April Term, 1879, when the court, REDFIELD, J., presiding, adjudged that the funds belonged to the claimants, that the trustee be discharged with cost, and that the claimants recover cost of the plaintiff; to which the plaintiff excepted.

*L. F. Wilbur*, for the plaintiff.

The award not being perfected, the claim was for unliquidated damages for a personal tort, and not assignable. *Rice* v. *Stone*, 1 Allen, 566, and cases *passim*. Assignment of such a claim as was here disclosed is invalid as savoring of maintenance. *Rice* v. *Stone, supra; Wright* v. *Whithead*, 14 Vt. 268; *Martin* v. *Clark*, 8 R. I. 389. The assignment was also invalid because the subject of the assignment had no actual or potential existence. *Jones* v. *Richardson*, 10 Met. 481; *Lunn* v. *Thornton*, 1 C. B. 379, 383; *Low* v. *Pew*, 108 Mass. 347.

The assignment was against public policy and void, because from one of the parties to one of the arbitrators and for his pecuniary benefit. Gen. Sts. c. 115, s. 10; *Elkins* v. *Parkhurst*, 17 Vt. 105: Met. Cont. 246, 256–258; *Tuxbury* v. *Miller*, 19 Johns. 311; *Foot* v. *Emerson*, 10 Vt. 338; Caldw. Arb. 117, 216;

*Gregg* v. *Wyman*, 4 Cush. 322; *Lyon* v. *Strong*, 6 Vt. 219; *Sturges* v. *Bush*, 5 Day, 452; *Wheeler* v. *Russell*, 17 Mass. 258; *Belding* v. *Pitkin*, 2 Caines, 147a. It cannot be regarded as valid because to some extent for the benefit of persons other than the arbitrator. If any part was illegal, the whole was vitiated. *Hinesburgh* v. *Sumner*, 9 Vt. 23. The illegality of the consideration of the assignment may be shown. *Martin* v. *Clark, supra.* Also the time, place, &c., of the signing of the award. *Pattee* v. *Greely*, 13 Met. 284. There was no ratification of the assignment after the award was made and before service of process. An illegal contract is incapable of ratification. 1 Story Eq. Jurisp. s. 306. Such a contract cannot be set up by either party, and any claim that depends on the recognition of such contract must fail. *Gregg* v *Wyman, supra.* Nor can such a contract be validated by the parties thereto and enforced against creditors seeking their rights by trustee process. The plaintiff here is in legal privity with the defendant, and may interpose objections to the assignment. *Dix* v. *Van Wyck*, 2 Hill, 522; *Sterns* v. *Wrisley*, 30 Vt. 666.

The award was not made and published till it was signed by all the arbitrators, and declared to one or both of the parties. *Anderson* v. *Farnham*, 34 Me. 161. It was invalid because not all the arbitrators took part in the final hearing. *Rixford* v. *Nye*, 20 Vt. 132. It became a debt due from the trustee to the defendant only by agreement of the parties to the sum awarded as the settlement of controversy. *Culver* v. *Ashley*, 19 Pick. 300. The assignment did not operate on that: it related to an award only.

There was not a sufficient notice of the assignment.

*R. S. Taft, R. H. Start*, and *J. J. Monahan*, for the claimants.

At common law choses in action, including all rights of action for torts, were unassignable. The rule became limited in its application to rights of action for torts to cases of strictly personal injuries which did not survive. *Comegys* v. *Vasse*, 1 Pet. 312, and cases *passim*. But that modified rule has been changed by statute which provides that rights of action for injury to the per-

41

son shall survive. Gen. Sts. c. 52, ss. 11, 12. Such a chose in action is therefore now assignable. *Quin* v *Moore*, 15 N. Y. 432.

But however that may be, the assignment here was not of a right of action for a tort, but of a completed award on which an action of debt would lie. Morse Arb. & Award, 490. It makes no difference that the award was not completed when the assignment was executed. The assignment became operative the moment the award was made. Burrill As. 73, 74; *Leitch* v. *Hollister*, 4 Comst. 211.

The reason of the ancient rule forbidding assignments was that such transactions would multiply contentions, and were against public policy. But that has no application here. The award being acquiesced in by the parties, cannot be impeached by third persons. *Penniman* v. *Patchin*, 6 Vt. 325; Morse Arb. & Award, 530. The notice of assignment was sufficient. *Dale* v. *Kimpton*, 46 Vt. 76.

The opinion of the court was delivered by

VEAZEY, J. The commissioner finds that Whitcomb, one of the arbitrators, claimed that he and Day, who appear to have been partners, were creditors of the defendant McGovern ; and that when the arbitrators were together to try the case submitted to them and before they had agreed upon an award, Whitcomb drew up the assignment to himself and Day of the award that the arbitrators should make in favor of McGovern against Terrill, to pay Whitcomb & Day's debt against McGovern, after paying certain other claims against him specified in the assignment. McGovern was afraid that the award would be trusteed, and wanted to make this assignment, and executed it the same day and soon after it was drawn up. When the assignment was drawn up the arbitrators were wide apart as to what the award should be. After Roberts had stated the amount he would agree to award to McGovern and had left, the other two arbitrators, Talcott and Whitcomb, after consulting with McGovern, and finding that the amount proposed by Roberts would be satisfactory to McGovern, agreed to that sum, and drew up the award and signed it, and notified McGovern what the award was before separating, and before Rob-

erts signed it.　Whitcomb then took the award and went after Roberts, and they then hunted up Terrill, and, after finding out that he was satisfied with the amount, Roberts also signed the award. At this time Whitcomb notified Terrill of the assignment of the award.　The plaintiff seeks to recover of Terrill as the trustee of McGovern the amount awarded.

The plaintiff's counsel contend, first, that the award made as disclosed in the report is void.　We think he is right, and the authorities he cites sustain this proposition.　The assignment was made in anticipation of an award.　It was drawn up by one of the arbitrators to himself and partner to secure their debt against a party to the submission, and then this arbitrator enters upon the negotiations which resulted in what is called an award.　In *Shepherd* v. *Brand*, Cas. temp. Hardw. 53, s. c., Cun. 50, an award was set aside where the arbitrators insisted, before making their award, that 3. 3*s*. should be given to each of them, by each of the parties, for their trouble and expenses, and which, upon the defendant's refusing to pay, the plaintiff paid entirely.　Upon this occasion Lord HARDWICK said: " When arbitrators, let their character otherwise be never so unexceptionable, take money of one of the parties singly, whether for charges or anything else, before making their award, as this is a matter of so tender a nature that even the appearance of evil in it is to be avoided, and as such a practice might be of dangerous example, it is sufficient cause to set aside an award ; for if it were to be suffered, it would he hard to distinguish what is corruption."　The conduct and acts of Whitcomb were in legal sense corruption ; therefore the award must be treated as void, whatever the parties to the submission desire, and although they may have consented to it.　It is not a matter of mere private consideration between adverse parties, but a matter concerning the due administration of justice, in which all persons have great interest.　*Harvey* v. *Shelton*, 7 Beav. 455.

There having been no valid award which the court can recognize, the assignment falls with it.　The award being invalid, there was nothing assigned.

But the plaintiff's counsel contend, secondly, that although the award and assignment were void, yet the plaintiff is entitled to

hold the trustee for the amount named in the award, by reason of an agreement between Terrill and McGovern upon the sum awarded as a settlement of the controversy between them. We do not think the report finds such agreement. All that the report shows is, that when Roberts and Whitcomb went to see Terrill on the night that the award was made, and told him what had been agreed upon by the arbitrators, Terrill was satisfied with the amount of the award. Being satisfied with the amount agreed between the arbitrators to be entered in an invalid award, falls short of being an agreement to pay that amount to the other party to the submission as a settlement of the controversy embraced in the submission, the other party being absent when such satisfaction is expressed. Neither Terrill nor Roberts knew of the assignment when the latter signed the award, which was nearly twelve o'clock Saturday night, and this trustee process was served on Terrill early Monday morning, and since then it does not appear that he has done anything to adopt or ratify the award. The report only shows that he raises no question as to the validity or legality of the award in this suit. He has never agreed to pay the award. He has simply done nothing about it. The award being void, the parties have not done enough to cure its invalidity. The court must therefore leave all parties in this proceeding as though no award had been attempted.

The judgment as to the trustee is affirmed with costs; and there being no funds in the hands of the trustee, the judgment in favor of the claimants is reversed without costs.